TRANSCRAFT CORPORATION, Plaintiff-Appellant, v. ANNA INDUSTRIAL DEVELOPMENT CORPORATION, Defendant-Appellee.

Fifth District No. 5—90—0656

Opinion filed December 30, 1991.

Sorling, Northrup, Hanna, Cullen & Cochran, Ltd., of Springfield, and Medlin & Medlin, of Carbondale (William S. Hanley, Peggy J. Ryan, and James S. Medlin, of counsel), for appellant.

R. Corydon Finch, of Finch & Karraker, P.C., of Anna, for appellee.

JUSTICE HOWERTON delivered the opinion of the court:

Transcraft Corporation (Transcraft) leased a parcel of land in Anna, Illinois, from Anna Industrial Development Corporation (Anna). Section 4(c) of the lease agreement stated:

> "In addition to the rental payments to be made by Transcraft from the Effective Date, Transcraft shall pay the actual cost of general real estate taxes beginning with the first year said building is assessed as an improvement on the premises, provided that *Transcraft shall never be required to pay more than $800.00 in the aggregate during any lease year for such taxes, and any excess required to be paid for such purpose shall be paid promptly when due and before penalty by Anna.*" (Emphasis added.)

Though taxes had exceeded $800 every year since 1965, Anna never paid its share of the taxes. Instead, Transcraft paid the taxes and sued for the amount it paid in excess of $800 for tax years 1965 through 1987.

Both parties filed motions for summary judgment. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005.) Anna claimed section 9 of the contract required Transcraft to deduct the amount Anna failed to pay from rent, and that deducting that amount from rent was Transcraft's sole remedy. Section 9 stated:

"During the term of the lease Anna shall be liable for, shall pay before penalty or otherwise lawfully satisfy, and shall indemnify Transcraft against and hold Transcraft harmless for liability for, all real estate taxes (except that portion to be paid by Transcraft as provided in §4(a)), special assessments and other taxes imposed upon the premises or any part thereof. Upon failure of Anna to pay its share of such taxes and all such special assessments and other taxes Transcraft may, but shall not be required to pay them. *If Transcraft pays same, the cost thereof shall be deducted from rentals.*" (Emphasis added.)

Transcraft claimed that the contract required Anna to pay the excess taxes, that it repeatedly demanded that Anna pay those taxes, and that Anna continually refused, stating it had no money to pay the taxes. Also, Transcraft claimed that after it exercised an option to buy the leased land, Anna failed to deliver a warranty deed free and clear of encumbrances as required by section 5 of the second amended lease.

The circuit court granted Anna's motion, stating that the "lease agreement clearly and unambiguously mandate[d] plaintiff to deduct such payments in excess of $800 annually from rentals due defendant [and that] the parties agreed to no other remedy." It denied Transcraft's motion for summary judgment and did not comment on the issue of taxes stemming from the option-to-purchase clause. Transcraft appealed. We reverse and remand.

██ Courts should construe contracts as a whole, giving meaning and effect to all its provisions. (*Srivastava v. Russell's Barbecue, Inc.* (1988), 168 Ill. App. 3d 726, 523 N.E.2d 30.) The contract, in the case at bar, contained a "NO WAIVER" clause, which stated:

"The failure of either party, in any one or more instances[,] to demand strict performance or observance of any of the terms and conditions of the lease or to take advantage of any rights hereunder[ ] shall not operate or be construed as a waiver of any such terms and conditions or the relinquishment of any such rights but the same shall continue and remain in full force and effect."

The "terms," "conditions," and "rights" of the contract were clear and unambiguous: Transcraft was to pay the first $800 of real estate taxes on the land and its improvements; Anna was to pay the real estate taxes in excess of $800. Equally clear is that in the event that Anna failed to pay the excess and instead Transcraft paid it, that amount was to be deducted from rent. Failure of Transcraft to deduct the taxes it paid from rent, however, did not relieve Anna of its contractual obligation, *i.e.*, the obligation to pay real estate taxes in excess of $800. The "NO WAIVER" clause makes clear that any failure to demand strict performance or to take advantage of any "terms," "conditions," or "rights" was neither a "waiver" nor the "relinquishment" of the "terms," "conditions," or "rights" within the contract. Therefore, under the "NO WAIVER" clause of the contract, Anna's obligation to pay the excess taxes remains in "full force and effect" despite Transcraft's failure to deduct the taxes it paid from rent. We, therefore, reverse the circuit court and remand with directions to grant summary judgment on this issue in favor of Transcraft.

The second issue on appeal involves section 5 of the second amendment to the lease which gave Transcraft the option to purchase the leased land. Section 5 provided that if Transcraft exercised the option to buy the land, Anna was required to deliver a warranty deed "free and clear of all liens and encumbrances except that portion of general real estate taxes required to be paid by Transcraft."

In 1989, Transcraft exercised that option. Anna, however, delivered a deed encumbered by tax liens from 1988 and 1989. Transcraft paid off the liens and sued Anna for its portion of the tax obligation under the contract. The circuit court denied Transcraft's motion for summary judgment without comment. Here too, we reverse. The contract is clear and unambiguous: Anna was obligated to pay its share of the taxes for the years 1988 and 1989 and to deliver a warranty deed free and clear of any liens or encumbrances. It failed to do either. We, therefore, reverse the circuit court on this issue also and remand with directions to grant summary judgment on this issue in favor of Transcraft.

In the case at bar, there are no factual disputes. The only issue is the interpretation of the contract, which is a question of law that can be made on review independent of the trial court's judgment. (*Butler v. Economy Fire & Casualty Co.* (1990), 199 Ill. App. 3d 1015, 557 N.E.2d 1281.) Here, the record shows clearly that Anna was obliged, under contract, to pay general real estate taxes as-

sessed on the leased property in excess of $800. It failed to pay those taxes. Therefore, we reverse the circuit court's order awarding Anna summary judgment and remand this matter to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded with directions.

GOLDENHERSH, P.J., and HARRISON, J., concur.